UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------------X
FANNY CAJINA,                                                    CASE NO.:

      Plaintiff                                            **COMPLAINT**
                                                              **Plaintiff Demand a Trial by Jury**

      v.

CORPORATE TRAVEL CONSULTANTS II LLC,
CORPORATE TRAVEL CONSULTANTS II, INC.,
JAMES COLLINS, individually and in his official capacity,
MICHAEL COLLINS, individually and in his official capacity,
CHARLES MACDONALD, individually and in his official capacity,
TANYA TRUCK, individually and in her official capacity,
and JACKIE LACHMAN individually and in her official capacity.

      Defendants.
-----------------------------------------------------------------------X

Plaintiff, FANNY CAJINA, through her counsel, Derek Smith Law Group, PLLC, hereby

complains of the Defendants CORPORATE TRAVEL CONSULTANTS II LLC, CORPORATE

TRAVEL CONSULTANTS II, INC., JAMES COLLINS, MICHAEL COLLINS, CHARLES

MACDONALD, TANYA TRUCK, and JACKIE LACHMAN and alleges as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as

codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

1991, Pub. L. No. 102-166 ( "Title VII"); the Americans with Disabilities Act, as amended, 42

U.S.C. § 12101 *et seq.* ( "ADAAA"); the Florida Civil Rights Act of 1992, Section 760.10 *et seq.*

( "FCRA"); and the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601 *et seq.* ( "FMLA")

and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to

sex/gender discrimination, race discrimination, national origin discrimination, disability

discrimination, hostile work environment, retaliation, negligent retention, intentional infliction of emotional distress, and negligent retention.

2. This action is to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination and harassment against Plaintiff because of her sex, race, national origin, disability and Defendants' retaliation against Plaintiff her persistent complaints of discrimination and for requesting leave under the FMLA, all leading to her unlawful termination.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to Title VII, the ADAAA, FCRA § 760.10, and the FMLA.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII, the ADAAA, and the FMLA.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On or around October 2016, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Charge number 510-2016-03848.

9. On or around May 07, 2018, Plaintiff received the EEOC's Right to Sue Letter in reference to her EEOC charge.

10. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the EEOC's Right to Sue Letter.

11. This complaint was filed within ninety (90) days of the issuance of the EEOC's notice of conciliation failure and Right to Sue letter.

12. An EEOC filing automatically operates as a dual FCHR filing.

## PARTIES

13. At all material times, Plaintiff FANNY CAJINA (hereinafter referred to as "Plaintiff" or "CAJINA") is an individual woman who is a resident of the State of Florida and resides the Miami-Dade County.

14. At all material times, Defendant CORPORATE TRAVEL CONSULTANTS II LLC (hereinafter referred to as "Defendant" or "TRAVEL CONSULTANTS LLC") was and is Limited Liability Company existing by the virtues and laws of the State of Florida, doing business in Miami-Dade County.

15. At all material times, Defendant CORPORATE TRAVEL CONSULTANTS II, INC. (hereinafter referred to as "Defendant" or "TRAVEL CONSULTANTS INC.") is a Florida Profit Corporation created and authorized under the laws of the State of Florida.

16. At all material times, Defendants CORPORATE TRAVEL CONSULTANTS LLC and CORPORATE TRAVEL CONSULTANTS INC. (hereinafter referred to collectively as "TRAVEL CONSULTANTS") are joint and single employers of Plaintiff CAJINA.

17. Defendant TRAVEL CONSULTANTS is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

18. At all material times, Defendant JAMES COLLINS (hereinafter referred to as "COLLINS" or "DEFENDANT"), was and is an individual man believed to reside in the state of Florida and live in Miami-Dade County.

19. At all material times, Defendant COLLINS was and is a supervisor for TRAVEL CONSULTANTS.

20. At all material times, Defendant MICHAEL COLLINS (hereinafter referred to as "MICHAEL" or "DEFENDANT"), was and is an individual man believed to reside in the state of Florida and live in Miami-Dade County.

21. At all material times, Defendant MICHAEL was and is a supervisor for TRAVEL CONSULTANTS.

22. At all material times, Defendant CHARLES MACDONALD (hereinafter referred to as "MACDONALD" or "DEFENDANT") was and is an individual man believed to reside in the state of Florida and live in Miami-Dade County.

23. At all material times, Defendant MACDONALD was and is a supervisor for TRAVEL CONSULTANTS.

24. At all material times, Defendant TANYA TRUCK (hereinafter referred to as "Defendant" or "TRUCK") was and is an individual woman believed to reside in the state of Florida and live in Miami-Dade County.

25. At all material times, Defendant JACKIE LACHMAN (hereinafter referred to as "LACHMAN") was and is an individual woman believed to reside in the state of Florida and live in Miami-Dade County.

26. At all material times, LACHMAN was Defendant TRUCK's supervisor.

27. At all material times, Defendant TRUCK was and is a supervisor for TRAVEL CONSULTANTS.

28. At all material times, TRAVEL CONSULTANTS LLC, TRAVEL CONSULTANTS INC., COLLINS, MICHAEL, MACDONALD, TRUCK, and LACHMAN are herein referred to collectively as "Defendants."

## STATEMENT OF FACTS

29. At all material times, Plaintiff CAJINA is an individual woman born in Nicaragua, of Nicaraguan national origin, and she has made South Florida her home for many years.

30. At all material times, Plaintiff CAJINA speaks Spanish as her first language, along with English.

31. At all material times, Plaintiff CAJINA is currently a cancer survivor of five years, however, it is necessary for her to have routine checkups to make sure that her cancer remains in remission and does not spread.

32. At all material times, Plaintiff CAJINA's cancer and status of her cancer being in remission qualifies her as having a disability under the ADA.

33. In or around May 20, 2015, Defendant TRAVEL CONSULTANTS hired Plaintiff CAJINA as a Travel Agent.

34. At all material times, Defendant TRAVEL CONSULTANTS is a Corporate Travel Consulting Company that does business in the State of Florida and throughout the world. TRAVEL CONSULTANTS provides specialized travel services for crew members such as hotels, and transportation, and the needs of private jet companies.

35. As TRAVEL CONSULTANTS was a global company, including having many clients throughout Europe, Latin America, and South America, it was necessary for Plaintiff CAJINA to often speak Spanish, her first language, on the job when communicating with Clients or throughout the course of business.

36. At all material times, Defendant TRAVEL CONSULTANTS and Defendant TRUCK knew that Plaintiff CAJINA was a cancer survivor and was being treated of cancer.

37. By way of example, one day Defendant TRAVEL CONSULTANTS' President called Plaintiff CAJINA requesting that she call a business in Mexico City because they would only speak in Spanish over the phone.

38. At all material times, Defendant TRUCK was a supervisor for Defendant TRAVEL CONSULTANTS and Plaintiff CAJINA's personal supervisor in the office.

39. At the onset of her employment, Defendant TRUCK often told Plaintiff CAJINA that she should not have been hired because she was **"STUPID."** By way of example, Defendant TRUCK often told CAJINA, **"NICARAGUANS ARE STUPID"** in the presence of others in the office.

40. Defendant TRUCK also made fun of Plaintiff's speech. Since English is not her first language, TRUCK demeaned and disparaged Plaintiff in the presence of other employees.

41. Plaintiff CAJINA felt completely humiliated and belittled by TRUCK's comments. Due to extreme financial need, Plaintiff continued to work at Defendant TRAVEL CONSULTANTS despite the discriminatory and hostile comments made by Defendant TRUCK.

42. Defendant TRUCK further discriminated against Plaintiff CAJINA on account of her disability.

43. By way of example, Defendant TRUCK would not provide Plaintiff CAJINA the reasonable accommodation of taking time off of work to have her routine checkups to make sure that her cancer remained in remission and did not spread, or she would change her allow but then change the schedule so that Plaintiff CAJINA would miss her appointment.

44. By way of further example, Defendant TRAVEL CONSULTANTS and Defendant TRUCK would complaint that Plaintiff CAJINA took too many sick days for her doctor appointments, or that she was sick too much.

45. Furthermore, Defendant TRAVEL CONSULTANTS would deny Plaintiff CAJINA the opportunity of taking FMLA leave for her medical appointments.

46. At all material times, Supervisor LACHMAN knew of Defendant TRUCK's discriminatory behavior but failed to take any action to stop the hostile work environment.

47. Defendant TRUCK would also harass Plaintiff CAJINA about her race and national origin, often make fun of Plaintiff CAJINA's accent or how she spoke English since she was raised in a Spanish speaking country.

48. At all material times, Plaintiff was expected to speak Spanish because she had to speak with pilots who only spoke Spanish.

49. On or about May 25, 2016, Plaintiff CAJINA sent an email to LACHMAN regarding TRUCK's discriminatory comments and conduct, as LACHMAN was Defendant TRUCK's supervisor.

50. In the email, Plaintiff CAJINA detailed all the discriminatory comments and conduct she had experienced while working with Defendant TRUCK. LACHMAN agreed to speak with TRUCK and order her to stop discriminating against Plaintiff immediately.

51. After speaking with LACHMAN, Defendant TRUCK began retaliating against Plaintiff. Defendant TRUCK forced Plaintiff to work double her shift, which no one else with Defendant TRAVEL CONSULTANTS was expected to do.

52. In addition, Defendant TRUCK forced Plaintiff CAJINA to provide proof of her doctor's appointments and proof of her flight information when she requested vacation time.

53. By way of example, in or around March 2016, Plaintiff CAJINA was speaking with a co-worker and said, "I love when the time go fly," when she was describing how time flies when she was working.

54. Plaintiff said the above, phrase incorrectly because of an innocent mistranslation of the phrase from Spanish to English.

55. When Defendant TRUCK heard Plaintiff CAJINA's mistranslation, she used this as an opportunity to embarrass CAJINA because of her native language and race. TRUCK laughed hysterically at Plaintiff in the presence of Defendant TRAVEL CONSULTANTS's President MICHAEL.

56. Next, Defendant TRUCK immediately proceeded to call Plaintiff stupid and made notes saying "**I LOVE WHEN THE TIME GO FLY**" which she taped at various places in the office to add further injury.

57. This incident was witnessed by several Defendant TRAVEL CONSULTANTS's employees, including LUIS BARRERA (hereinafter referred to as "BARRERA"), TONY LAVIN (hereinafter referred to as "LAVIN"), and DANIELA (last name unknown).

58. The following day, President MICHAEL came to the office and saw the notes saying "**I LOVE WHEN THE TIME GO FLY**" around the office. He asked Defendant TRUCK what the notes meant.

59. Defendant TRUCK responded sarcastically, "**FANNY'S LANGUAGE IS SO BEAUTIFUL, SHE IS TRYING TO SPEAK SPANISH**."

60. In or around May 2016, in the office's kitchen during Plaintiff CAJINA's lunch break, she was on the phone with her daughter having a conversation in Spanish.

61. When Defendant TRUCK entered the kitchen and heard Plaintiff CAJINA speaking Spanish, she exclaimed, "**WHO ARE YOU TALKING TO.**"

62. Plaintiff CAJINA responded that she was speaking to her daughter.

63. Thereafter, Defendant TRUCK exclaimed angrily, "**DID YOU EVER TEACH YOUR KID TO SPEAK ENGLISH,**" and, "**WHAT THE FUCK. THIS IS THE UNITED STATES. STOP SPEAKING SPANISH!**"

64. Upon hearing Defendant TRUCK's outburst, Plaintiff CAJINA responded that she was on her lunch break, and "Are you also going to tell me on my lunch break not to speak Spanish?"

65. Defendant TRUCK responded, **"YOU NEED TO TEACH YOUR CHILDREN ENGLISH!"**

66. The above example clearly shows that Defendant TRUCK had a deep animus and contempt for Plaintiff merely because she is Hispanic and Nicaraguan and she speaks Spanish.

67. After this day, Defendant TRUCK continued to discriminate against Plaintiff and would make similar statements about Hispanics and Nicaraguans needing to learn English. By way of example, she would complain saying, **"NICARAGUANS NEVER TEACH THEIR KIDS ENGLISH!"**

68. On or about September 2016, Defendant TRUCK became enraged when she learned that Plaintiff CAJINA was on a call speaking in Spanish with client, the sales representative of American Airlines. Defendant TRUCK yelled, "**THIS IS THE UNITED STATES AND I TOLD YOU NOT TO SPEAK SPANISH**."

69. Plaintiff CAJINA then put the client's call on hold and explained that the client initiated the call speaking in Spanish and, "**I FELT THAT IF THE CLIENT WISHED TO SPEAK SPANISH TO ME, I WILL TALK TO THE CLIENT IN SPANISH SINCE THE CLIENT COMES FIRST**."

70. Plaintiff CAJINA's coworker MARTA, who was also Latina and spoke Spanish, overheard the situation and asked Defendant TRUCK, "No one in this office has told us that we are not allowed to speak in Spanish. And if you guys tell me that we are not allowed to speak Spanish, just put it in writing."

71. Defendant TRUCK responded, "**WELL, THE OWNER HAS TOLD ME MANY TIMES THAT HE DOES NOT WANT ANYONE TO SPEAK SPANISH IN THIS COMPANY**."

72. Plaintiff CAJINA added, "**I GET A LOT OF CLIENTS THAT ARE TRANSFERRED TO ME BECAUSE I SPEAK SPANISH, AND THEY DO NOT WANT TO SPEAK ENGLISH. BECAUSE THERE ARE SOUTH AMERICAN PEOPLE THAT FEEL BETTER TALKING IN SPANISH.**"

73. On or about October 2016, Plaintiff CAJINA suffered a severe panic attack due to the discrimination and verbal abuse from Defendant TRUCK.

74. Because of Plaintiff CAJINA's panic attack, she was hospitalized and began treatment for her emotional distress, which included anxiety and panic attacks, which her doctors said were caused by her hostile work environment.

75. In or around early October 2016, Plaintiff CAJINA wrote President MICHAEL complaining of the ongoing discrimination and retaliation in the workplace.

76. At all material times, Defendant TRAVEL CONSULTANTS failed to address the hostile work environment and Plaintiff CAJINA's complaints and the unlawful conduct continued.

77. By way of further example of the increasingly hostile work environment, Defendant TRUCK said on another occasion, **"THIS IS AMERICA, SO SPEAK ENGLISH AND I'M TIRED OF TELLING YOU NOT TO SPEAK SPANISH IN THIS COMPANY!"**

78. Thereafter, Defendant TRUCK's discriminatory behavior increased, causing Plaintiff CAJINA further anxiety and emotional distress in the workplace.

79. In or around October 2016, because of Defendant TRAVEL CONSULTANTS inaction, Plaintiff CAJINA made an official complaint with the EEOC complaining of the ongoing discrimination and retaliation in the workplace.

80. In or around November 2016, Defendant TRAVEL CONSULTANTS gave her a bad evaluation because Plaintiff CAJINA made complaints of discrimination and retaliation in the workplace.

81. After her complaints to President MICHAEL and the EEOC, Defendant TRUCK increased her unlawful conduct and began to retaliate against Plaintiff. By way of example Defendant TRUCK began requesting that Plaintiff CAJINA send email every time she needed to leave her desk, this included when she need to go to the restroom, go to the copy machine as a part of her daily tasks, or needed to go speak to her coworkers LACHMAN and MARTIN.

82. At all material times, Defendant TRUCK did not request any other employee to send emails when they stepped away from their desk or subject other employees to such scrutiny.

83. By way of further example, Defendant TRUCK began requesting that Plaintiff CAJINA send an official request via email every time she had a doctor appointment and would also request a doctor note whenever she took a sick day.

84. This made it increasingly difficult for Plaintiff CAJINA to make her routine cancer appointments or appoints concerning her growing anxiety.

85. At all material times, Defendant TRUCK did not request any other employee to send emails when they needed time off for a doctor appointment. Nor would she request a doctor note from other employees when they took a sick day or subject other employees to such scrutiny.

86. In or around early December 2016, Plaintiff CAJINA emailed Supervisor MACDONALD and Human Resources complaining about the continued discrimination and retaliation she was facing because of Defendant TRUCK.

87. At all material times, MACDONALD never responded to Plaintiff CAJINA's complaint.

88. Defendant TRUCK continued to discriminate and retaliate against Plaintiff CAJINA despite her complaint to MACDONALD and Human Resources.

89. In or around late January 2017, SERGUEI NAOUMOVETS (hereinafter referred to as "NAOUMOVETS") was telling Defendant TRUCK and TERESA NEWMAN during a conversation that he did not like to have any serious relationships.

90. In response, intending to cause Plaintiff CAJINA emotional distress, Defendant TRUCK said, "**WELL, THEN YOU CAN CALL FANNY BECAUSE SHE IS A PROSTITUTE. CALL HER ANYTIME**."

91. Upon learning what Defendant TRUCK stated, Plaintiff CAJINA became extremely emotional distressed and offended.

92. Later that day, Plaintiff CAJINA confronted Defendant TRUCK about the prejudicial and hurtful comment. Plaintiff CAJINA stated, "**I REALLY DO NOT APERCIATE YOU SAYING THAT BECAUSE I AM NOT A PROSTITUTE**."

93. On or about February 22, 2017, Plaintiff CAJINA was warming up her Spaghetti lunch in the kitchen when Defendant TRUCK walked in and saw her using the microwave.

94. Plaintiff CAJINA left the kitchen for a few minutes and when she came back, Defendant TRUCK threw away Plaintiff's meal and using the meal to make a mess of the kitchen, later blaming Plaintiff CAJINA.

95. That same day, Plaintiff CAJINA emailed President MICHAEL complaining about the continued discrimination and retaliation she was facing because of Defendant TRUCK.

96. In or around March 2017, Plaintiff CAJINA resigned, stating that she was resigning because of the unaddressed hostile work environment and because she was afraid of Defendant TRUCK.

97. At all material times, President MICHAEL never responded to Plaintiff CAJINA's complaints.

98. At all material times, Plaintiff CAJINA was an hourly employee covered under FLSA regulations and she worked overtime hours for Defendant TRAVEL CONSULTANTS.

99. At all material times, Defendant TRAVEL CONSULTANTS routinely failed to pay Plaintiff CAJINA for her overtime hours.

100. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff on an ongoing continuous basis.

101. As a result of Defendants' continued harassment of Plaintiff, she suffered numerous injuries including physical, economic, and emotional damages.

102. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff suffers from high stress, anxiety, and experiences trust issues with men in the work environments, in addition to physical ailments.

103. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

104. As Defendants' conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

**COUNT I: FMLA**
**INTERFERENCE**
**[AGAINST DEFENDANT TRAVEL CONSULTANTS]**

105. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

106. Plaintiff was coming to be eligible for FMLA leave within the coming weeks after her and her doctor turned in the requested FMLA documentation.

107. Defendant is a covered employer as defined by the FMLA.

108. Plaintiff suffers from a serious health condition as defined by the FMLA because of cancer remission and because of her serious emotional distress, anxiety, and panic attacks.

109. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise her FMLA rights.

110. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

111. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Enter a judgment that Defendant's interference with Plaintiff's rights was in violation of the FMLA;

b.) Enjoin and permanently restrain Defendant from further violations of the FMLA;

c.) Award front pay to Plaintiff;

d.) Award liquidated damages to Plaintiff;

e.) Award reasonable attorneys' fees and costs to Plaintiff;

f.) Additional relief to which Plaintiff is entitled, including equitable relief; and

g.) Any other and further relief as this Court deems just and proper.

**COUNT II: FMLA
RETALIATION
[AGAINST DEFENDANT TRAVEL CONSULTANTS]**

112. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

113. Plaintiff exercised or attempted to exercise her rights under the FMLA.

114. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

115. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

116. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

    a.) Enter a judgment that Defendant retaliated against Plaintiff because she exercised or attempted to exercise his rights under the FMLA;

    b.) Enjoin and permanently restrain Defendant from further violations of the FMLA;

    c.) Award back pay to Plaintiff, plus interest and all benefits;

    d.) Award liquidated damages to Plaintiff;

    e.) Award reasonable attorneys' fees and costs to Plaintiff;

    f.) Additional relief to which Plaintiff is entitled, including equitable relief; and

    g.) Any other and further relief as this Court deems just and proper.

**COUNT III: ADAAA**
**DISABILITY DISCRIMINATION**
**[AGAINST DEFENDANT TRAVEL CONSULTANTS]**

117. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

118. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

119. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

120. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

121. Defendant violated the ADAAA by unlawfully terminating and discriminating against Plaintiff's history of cancer and emotional distress, such as her panic attacks and extreme anxiety, in which the Defendant was fully aware of.

122. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of ADAAA;

b.) Declare Defendant's conduct to be in violation of the ADAAA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

e.) Any other and further relief as this Court deems just and proper.

### COUNT IV: ADAAA
### DISABILITY RETALIATION
### [AGAINST DEFENDANT TRAVEL CONSULTANTS]

123. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

124. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

125. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

126. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

127. Plaintiff requested reasonable accommodations because of her disabilities.

128. Defendant violated the ADAAA by failing to discuss possible accommodations for Plaintiff on account of her disability.

129. Defendant violated the ADAAA by failing to provide Plaintiff with any reasonable accommodation for her disabilities.

130. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

f.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of ADAAA;

g.) Declare Defendant's conduct to be in violation of the ADAAA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

h.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, and prejudgment

interest thereon;

i.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees);

and

j.) Any other and further relief as this Court deems just and proper.

### COUNT V: DISCRIMINATION
### UNDER TITLE VII
### [AGAINST DEFENDANT TRAVEL CONSULTANTS]

131. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

132. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. [Section 703]

states in relevant part as follows:

(a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

133. The Defendant's discharge and harassment of Plaintiff was, in whole or in part because she

was a Hispanic woman from Nicaragua and she had a disability, or perceived disability.

134. Throughout 2016 to 2018, Defendant TRAVEL CONSULTANTS engaged in discriminatory

practices which resulted in Plaintiff being subjected to a discriminatory hostile work

environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et

seq., as amended.

135. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et

seq., by discriminating against Plaintiff because of her sex, race, national origin, and disability.

136. The Defendant's conduct constitutes unlawful discrimination under the Act, and such actions

were willful and malicious and, as a direct and proximate result of the Defendant's unlawful

and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a)  Damage to reputation, confidence and self-esteem;

    b)  Loss of past and future income;

    c)  Loss of future earning capacity;

    d)  Loss of other fringe benefits;

    e)  Stress, anxiety and emotional distress;

    f)  Significant past and future pain and suffering; and

    g)  Other financial losses.

137. The Plaintiff is entitled to an award of reasonable attorney's fees, the allegations stated in all pervious paragraphs herein.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants, TRAVEL CONSULTANTS, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT VI: RETALIATION
## UNDER TITLE VII
## [AGAINST DEFENDANT TRAVEL CONSULTANTS]

138. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

139. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because

[s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

140. The Defendant has discriminated against and harassed the Plaintiff in the terms and conditions of her employment, and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

141. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

142. The Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   h)  Damage to reputation, confidence and self-esteem;

   i)  Loss of past and future income;

   j)  Loss of future earning capacity;

   k)  Loss of other fringe benefits;

   l)  Stress, anxiety and emotional distress;

   m) Significant past and future pain and suffering; and g. Other financial losses.

143. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant TRAVEL CONSULTANTS, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses

20

and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT VII: DISCRIMINATION AND RETALIATION
## UNDER FEDERAL LAW 42 U.S.C. Section 1981
## [AGAINST ALL DEFENDANTS]

144. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

145. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff on an ongoing continuous basis.

146. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

147. 42 USC Section 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

148. Plaintiff, as a member of the Hispanic race, was discriminated against by Defendants because of race as provided under 42 USC Section 1981 and has suffered damages as set forth herein. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for opposition to Defendants' unlawful employment practices.

## COUNT VIII: FCRA §760.10
## DISCRIMINATION
## [AGAINST ALL DEFENDANTS]

21

149. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

150. At all times relevant to this action, Plaintiff was and is a Hispanic woman of Nicaraguan national origin.

151. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

152. Plaintiff has an actual handicap, has a record of being disabled, and/or is perceived as being disabled by Defendant.

153. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her race, national origin, and handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

154. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based her sex, race, national origin, and status of being a cancer survivor and her emotional distress, including her panic attacks, in which the Defendants were fully aware of.

155. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of FCRA;

b.) Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

e.) Any other and further relief as this Court deems just and proper.

## COUNT IX: FCRA
## RETALIATION
## [AGAINST ALL DEFENDANTS]

156. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

157. The Defendants' discharge and harassment of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination.

158. The Defendants has discriminated against and harassed the Plaintiff in the terms and conditions of her employment, and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

159. The Defendants' conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendants' unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

a) Damage to reputation, confidence and self-esteem;

b) Loss of past and future income;

23

    c)  Loss of future earning capacity;

    d)  Loss of other fringe benefits;

    e)  Stress, anxiety and emotional distress;

    f)  Significant past and future pain and suffering; and

    g)  Other financial losses.

160. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT X: NEGLIGENT RETENTION DEFENDANT
## [AGAINST DEFENDANT TRAVEL CONSULTANTS]

161. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

162. Defendant TRAVEL CONSULTANTS knew or should have known that Defendant TRUCK was dangerous, incompetent, and a threat to do harm to employees under her supervision.

163. Defendant TRAVEL CONSULTANTS negligently retained Defendant TRUCK.

164. As direct and proximate consequences of Defendant TRAVEL CONSULTANTS's negligent retention of TRUCK, Plaintiff has suffered serious physical, psychological, and emotional injuries that have required, or will require in the future, medical and psychological treatment

## COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## [AGAINST DEFENDANT CARROLL TRUCK]

165. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

166. Defendant TRUCK's actions described in the above paragraphs was intentional, extreme, and outrageous and caused Plaintiff CAJINA to suffer extreme emotional distress.

167. As direct and proximate consequences of the conduct described in the above paragraphs, Plaintiff CAJINA has been injured and suffered severe psychological and emotional injuries including degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries that have required, or will require in the future, medical and psychological treatment.

**COUNT XII: OVERTIME**
**UNDER THE FAIR LABOR STANDARDS ACT**
**[AGAINST DEFENDANT TRAVEL CONSULTANTS]**

168. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

169. Defendants willfully employed Plaintiff in the aforementioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for her employment in excess of 40 hours per week at a rate of at least one and one-half times the rate at which she was employed.

170. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

171. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

172. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

173. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of FCRA;

b.) Declare Defendant's conduct to be in violation of the FLSA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c.) Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

d.) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

e.) Any other and further relief as this Court deems just and proper.


## COUNT XIII: INVASION OF PRIVACY
## [AGAINST DEFENDANT CARROLL TRUCK]

174. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

175. Defendant TRUCK committed acts against the Plaintiff which were an intentional and unlawful intrusion into her physical solitude and seclusion.

176. Defendant TRUCK acted intentionally and willfully without regard to the consequence of his actions.

177. As direct and proximate consequences of the invasion of privacy, Plaintiff CAJINA has suffered severe psychological and emotional injuries including degradation humiliation, mental anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries.

## COUNT XIV: VICARIOUS LIABILITY - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [AGAINST DEFENDANT TRAVEL CONSULTANTS]

178. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all pervious paragraphs herein.

179. At all times material, Defendant TRUCK was an employee, servant and/or agent of Defendant TRAVEL CONSULTANTS and at all times material was acting within the course and scope of his employment.

180. Therefore, Defendant TRAVEL CONSULTANTS is vicariously liable for the tortious acts committed by Defendant TRUCK as set forth in the above paragraphs.

181. As a direct and proximate result of Defendant TRUCK's conduct, Plaintiff has been injured and suffered severe psychological and emotional injuries including degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries.

182. As a direct and proximate result of Defendant TRUCK's conduct, Plaintiff has been injured and suffered severe psychological and emotional injuries including degradation, humiliation, mental anguish, loss of the capacity for the enjoyment of life, loss of dignity, and other nonpecuniary and intangible injuries.

## COUNT XV: NEGLIGENT RETENTION, VICARIOUS LIABILITY- VICARIOUS LIABILITY -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND VICARIOUS LIABILITY - INVASION OF PRIVACY

WHEREFORE, Plaintiff respectfully requests judgment for Plaintiff and against Defendant TRAVEL CONSULTANTS for compensatory damages, punitive damages, interests and costs and reasonable attorneys' fees and any and all other relief which the Court deems just and proper.

## COUNT XVI: BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INVASION OF PRIVACY

WHEREFORE, Plaintiff respectfully requests judgment for Plaintiff and against Defendant TRUCK for compensatory damages, punitive damages, interests and costs and reasonable attorneys' fees and any and all other relief which the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: Miami, Florida
        August 4, 2018

                          Respectfully submitted,

                          DEREK T. SMITH LAW GROUP. P.C.
                          *Attorneys for Plaintiff*
                                  /s/ Andrew S. Alitowski
                          Andrew S. Alitowski, Esq.
                          Fla Bar No.: 54410
                          Andrew@dereksmithlaw.com
                          100 SE 2nd Street, Suite 2000
                          Miami, FL 33131
                          Tel: (305) 946-1884
                          Fax: (305) 503-6741